Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

*cc: JAO/KJM*
*IFP SUBM.*

ORIGINAL

# UNITED STATES DISTRICT COURT

for the

_____ District of _Hawaii_

_Civil_ Division

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 29 2021

at _11_ o'clock and _00_ min. A_M
MICHELLE RYNNE, CLERK
_LS_

Case No. **CV21 00427 JAO  KJM**
*(to be filled in by the Clerk's Office)*

_Iosefa Pasene_
_____

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

· Honolulu Police Chief Bossie Corra
· Honolulu Police Detetive Gregory McCormick
· Honolulu Police Detetive Theodore Coons
· Honolulu Police officer Daniel Sellers

**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional
page with the full list of names. Do not include addresses here.)*

· Honolulu Police officer Albert Le.
· Honolulu Police officer John Doe.

Jury Trial: *(check one)*  [X] Yes  [ ] No

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

*ESC: complaint, cover sheet, R 16.*
*Pro Se handbook*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                     Iosefa Pasene
Address                  2912 Diamond st # 409
                         San Francisco,      ca        94131
                              *City*              *State*      *Zip Code*
County                   San Francisco
Telephone Number         415) 818 · 7266
E-Mail Address           iosefa pasene 100 @ gmail. com.

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
Name                     Bossie Correa .
Job or Title *(if known)*   Honolulu Police Chief
Address                  801 South Beretania st
                         Hon            HI        96813
                              *City*        *State*    *Zip Code*
County                   Honolulu
Telephone Number         (808) 529 · 3113
E-Mail Address *(if known)*

[X] Individual capacity    [X] Official capacity

Defendant No. 2
Name                     Gregory McCormick
Job or Title *(if known)*   Honolulu Homicide Detective
Address                  801 South Beretania st
                         Hon            Hi        96813
                              *City*        *State*    *Zip Code*
County                   Honolulu
Telephone Number         (808) 529 · 3111
E-Mail Address *(if known)*

[X] Individual capacity    [X] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3
    Name      Theodore Coons
    Job or Title *(if known)*      Honolulu Homicide Detective
    Address      801 South Beretania St.
         Hon      Hi      96813
         *City*      *State*      *Zip Code*
    County      Honolulu
    Telephone Number      (808) 529·3111
    E-Mail Address *(if known)*

     [X] Individual capacity      [X] Official capacity

Defendant No. 4
    Name      Albert Le
    Job or Title *(if known)*      Honolulu Police officer
    Address      801 South Beretania st
         Hon      Hi      96813
         *City*      *State*      *Zip Code*
    County      Honolulu
    Telephone Number      (808) 529·3111
    E-Mail Address *(if known)*

     [X] Individual capacity      [X] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

     [ ] Federal officials (a *Bivens* claim)

     [X] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

My first, Fourth, Fifth, Eighth and fourteenth Amendments to the United States Consitution were violated by above defendants

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

B The Defendant(s)

Defendant NO. 5
  Name:                        Daniel Sellers
  Job or title:               Honolulu Police officer
  Address:                    801 South Beretania st

                              Hon          Hi            96813
                              City         State         ZipCode

  County:                     Honolulu
  Telephone Number:           (808)  529 · 3111
  EMail:

                    ☑ individual capacity   ☑ official Capacity


Defendant NO. 6
  Name:                        John Doe.
  Job or title:               Honolulu Police Dispatcher
  Address:                    801 South  Beretania st

                              Hon          Hi            96813
                              City         State         ZipCode

  County:                     Honolulu
  Telephon Number:            (808) 529 · 3111
  Email:

                    ☑ individual Capacity   ☑ official Capacity


Page 3-A of 6

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

See attached pages # 2-3.

## III.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?  Honolulu Hawaii

B.  What date and approximate time did the events giving rise to your claim(s) occur?

March, 28, 2009 through November, 6, 2019 and untill present.

C.  What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

See attached pages # 3-6

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**IV.     Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*See Attached Pages # 6-7*

**V.     Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

*See Attached Pages # 14*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     *October 26, 2021*

Signature of Plaintiff         *Foslee Pasene*
Printed Name of Plaintiff     *Iosefa Pasene.*

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

|  | *City* | *State* | *Zip Code* |

Telephone Number
E-mail Address

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

IOSEFA PASENE,                                              Case No.
     Plaintiff,
Vs                                                         **COMPLAINT**
THE CITY AND COUNTY OF                                     **AND**
 HONOLULU, ETC., BOSSIE CORREA,                         **DEMAND FOR JURY TRIAL**
GREGORY MCCORMICK,THEODORE
COONS,DANIEL SELLERS, ALBERT LE,
And JOHN DOE OFFICERS, in their individual
Capacities,

     Defendants

     Plaintiff IOSEFA PASENE, Pro-se, hereby alleges as follows:

### **INTRODUCTION**

1.  Plaintiff Iosefa Pasene was sentenced to 25 to life in prison and spent over ten and a half years imprisoned for a crime that he did not commit- the March 28th 2009 murder of Joseph Peneueta.

2.  Mr. Pasene's wrongful conviction was the result of serious misconduct by the Honolulu Police Department (HPD) officers investigating the Peneueta shooting. HPD defendants manipulated witnesses Richard Tagataese, Gabriel Sakaria, and Cedro Muna into misidentifying Mr.Pasene as the shooter. Defendants then hid the blatantly improper means they had used to obtain the misidentification , which was only uncovered through a remarkable coincidence after Mr.Pasene's wrongful conviction.

3.  No physical or forensic evidence inculpated Mr.Pasene. Because Mr.Pasene always said-truthfully-that he was innocent. The sole evidence incriminating him was the misidentification unlawfully procured by the HPD Defendants.

4.  Mr.Pasene's conviction was reversed by the Hawaii Supreme Court on April 22 2019. Then the Honolulu First Circuit Court dismissed the case with prejudice on November 5 2019 and Mr.Pasene was released from custody on November 6 2019, he had by then spent over ten and a half years incarcerated for a crime he did not commit.

5.  At the time of his arrest, Mr. Pasene was a young father of his five month old daughter. As a result of his wrongful conviction and ten and a half years of wrongful imprisonment, he was torn away from his family. He lost contact with his daughter, his dad passed away, and both of his older brothers were killed.

### **Jurisdiction**

6.  This court has federal question jurisdiction, pursuant to 28 U.S.C. section 1331, over the claims arising out of violations of the United states constitution.

7.  Jurisdiction is conferred by 28 U.S.C, section 1343, which provides for original jurisdiction of this court in suites authorized under 42 U.S.C. section 1983 to redress the deprivation (under color of state law, statute, ordinance, regulation, custom, or usage) of any right, privilege, or immunity secured by the constitution of the united states or by any act of congress providing for equal rights of citizens of all persons within the jurisdiction of the united states.

8.  This court has supplemental jurisdiction over plaintiff's pendent state law claims pursuant to 28 U.S.C. section 1367(a).

## VENUE

9. Pursuant to 28 U.S.C. section 1391(b), venue is proper in the United States District Court for the District of Hawaii, the judicial district in which the claims arose and in which the Defendants conducted business.

## PARTIES

10. Plaintiff IOSEFA MEAFUA PASENE is, and at all times relevant herein was, an individual residing in the state of Hawaii.

11. Defendant CITY AND COUNTY OF HONOLULU is, and at all times relevant herein was, a public entity existing in the state of Hawaii. At all times relevant to this action, The Honolulu Police Department is and was a part of the City and County of Honolulu.

12. Upon information and belief, Defendant Police Chief Boisse Correa is a resident of the state of Hawaii and of this Judicial District. At all relevant times herein, Correa was a HPD police chief acting under color of Law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs and usage of the City and County of Honolulu and the state of Hawaii.

13. Upon information and belief, Defendant Homicide Detective Gregory McCormick is a resident of the state of hawaii and of this judicial district. At all relevant times herein, McCormick was a HPD Detective acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and County of Honolulu and the state of Hawaii.

14. Upon information and belief, Defendant Homicide Detective Theodore Coons is a resident of the state of hawaii and of this judicial district. At all relevant times herein, Coons was a HPD Detective acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies,customs, and usage of the City and County of Honolulu and of the state of Hawaii.

15. Upon information and belief, Defendant Officer Daniel Sellers is a resident of the state of hawaii and of this judicial district. At all relevant times herein, Sellers was a HPD officer acting under color of law and in his individual capacity within the scope of employment pursuant the statutes,ordinances,regulations,policies,customs, and usage of the City and County of Honolulu and of the state of hawaii.

2

16. Upon information and belief, Defendant Officer Albert Le is a resident of the state of hawaii and of this judicial district. At all relevant times herein, Le was a HPD officer acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies,customs, and usage of the City and County of Honolulu and of the state of hawaii.

17. Upon information and belief, Defendant officer John Doe is a resident of the state of hawaii and of this judicial district. At all relevant times herein, John Doe was a HPD officer acting under color of law and in her individual capacity within the scope of employment pursuant to the statues, ordinances,regulations, policies, customs,and usages of the City and County of Honolulu and of the state of hawaii.

## **FACTUAL ALLEGATIONS**

Joseph Peneueta Homicide

18. Shortly before 4:15am on March 28 2009, 35 year old Joseph Peneueta was fatally shot on a sidewalk in front of 171 N.Pauahi street in Honolulu Hawaii.

19. Plaintiff Iosefa Pasene is innocent of this crime- he had nothing to do with the murder of Joseph Peneueta.

Richard Tagataese and Gabriel Sakaria interview  statement  and testimony of the   March 28 2009 murder of Joseph Peneueta

20. Although there were as many as 25 people on the street at the time of the shooting, most fled when the suspects pulled up with guns. However, Mr. Tagataese and Mr.Sakaria who claimed to be present at the time the suspects arrived, said they ran and hid inside of a building underground parking lot once the passenger suspect got out of the car with a gun.

21. Mr.Tagataese and Mr.Sakaria admitted and testified that they ran before the first shot was fired and that their main focus was on the passenger suspect, not the driver, who they stated was still around the driver side with a car in between them when the first shot was fired and at the time that they ran.

22. Mr.Tagataese and Mr.Sakaria later testified and claimed that Mr.Pasene was the driver suspect.

23. Mr.Tagataese and Mr.Sakaria admitted and testified that the incident happened real fast and that they were scared and focused on getting away and not getting shot.

3

24. Mr.Tagataese and Mr.Sakaria admitted and testified that at the time of the shooting they did not know Mr.Pasene and that they just found out his name that day, 03/28/09.

25. Mr. Tagataese and Mr.Sakaria admitted and testified that they drove together to the main police station and on the way there talked about the shooting in the car and in the waiting room waiting to be interviewed.

26. Mr.Tagataese and Mr.Sakaria admitted and testified that Defendant Detective McComick showed them a single photo of Mr.Pasene before they were interviewed and did so off the record, not recorded. Mr.Sakaria testified that Defendant McCormick showed him Mr.Pasene's photo and who to pick out.

27. Mr.Tagataese testified that the victim Joseph Peneuets was shot while laying flat on his back and that all shots was to his front body, which is in contradiction to medical records and testimony by the doctor examiner Kathy DeAlwis who testified that the victim did not have any shots to his front body and that all shots was to his back.

Cedro Muna's statements and testimony

28. Cedro Muna made three statements before testifying at the second and third trials. Those statements are dated 3/28/09, 5/9/13, and 7/11/13.

29. The first statement contradicts the second and third statements, as well as his trial testimony from the second and third trials, which was on 8/23/13 and 3/10/14. The first statement on the day of the murder he said Mr.Pasene and Mr.Rye dropped him off in chinatown and thats the last he seen of them. His second statement changed to he saw Mr.Pasene return and threaten Daniel Ropati with a gun before driving by him in a blue Buick Lesabre going towards Pauahi street on River street right before the shooting began. His third statement added Mr.Zorro Rye in it as a suspect.

30. Cedro testified at the second trial while in custody that he was hoping by him testifying for the state that that would help him get a good deal on his sentencing for the charges he had pending.

31. At the third trial Cedro testified out of custody and denied getting a deal from the state for testifying in this murder case as a state witness.

32. After the third trial and Cedro was back in California, he was seen by Mr.Pasene's sister and mother and he informed them that he got a deal on his cases by the state to testify against Mr.Pasene and that he did so to get back to his kids.

33. At the time of the murder Cedro Muna had a terroristic threatening with a firearm case pending, as well as a second degree promotion of a dangerous drug charge, and he ran while on bail on the PDD2 charge from 2009 to 2013 and was pose to get a obsconding charge. I believe by him testifying for the state he got a promise/deal from the above defendants to become a state witness and testify against Mr.Pasene. Changing his whole first statement and framing Mr.Pasene as the suspect.

Queen's Medical Center Witness

34. Officer Albert Le was informed when he arrived on  the shooting scene on Pauahi street that about 25 eye witnesses to the shooting had already left the scene on they  way to the Queen's medical center. So officer Albert Le proceeded to the hospital. When he arrived at the hospital he walked up to a crowd who he was informed saw the shooting and he asked them if it was "Cedro" that did the shooting and the witness answered 'Yes'. Officer Le failed to get a written or recorded statement from this witness or to even get this eye witness identity and contact.

911 caller on 3/28/09 @10:58:25

35. John Doe is a 911 dispatcher who received a call from a person who said they knew the identity of the chinatown shooting suspects. No personal information was received as well as contact information. No follow ups or anything further to get this important info was ever done.

Chinatown camera footages not recovered

36. Defendants Detective McCormick and Detective Coons failed to recover the chinatown video cameras as evidence for use at trial in this case. Chinatown had 26 cameras at the time of the March 28 2009 shooting murder of Joseph Peneueta.These cameras gave live feedback to the chinatown substation that was located one block up from Pauahi street on Maunakea street. Most were in the intersections on light poles. The shooting took place on River and Pauahi street where camera #11 was. These cameras re record over themselves after a day and 18 hours. Defendants waited two days to attempt to recover these cameras and at that time the footage was rerecorded over. These cameras belonged to HPD and were used to prevent and solve crime. At the time of the shooting, these cameras were used on a daily basis.

37. Cedro Muna was on these cameras in Chinatown at the time 911 calls started coming in about the shooting of Joseph Peneueta.

38. Defendants Detective McCormick and Detective Coons were the lead investigators of the Joseph Peneueta's homicide.Pursuant to HPD policies, practices and customs, McCormick and Coons directed all aspects of the investigation or were informed of the results.

## **DAMAGES**

39.  Defendant' actions deprived Iosefa Pasene of his civil rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and laws of the state of Hawaii.

40. This action seeks damages for the period from March 30 2009 through each and every year to the present. Mr. Pasene's liberty was curtailed upon his arrest on March 30 2009. He remained incarcerated until November 6 2019. The damages suffered by Mr.Pasene began in 2009 and continue to the present.

41.  Defendants' unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions caused Mr.Pasene to be falsely arrested, tried, wrongfully convicted, and incarcerated for over ten and a half years for a crime he did not commit.

42. Defendants' unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions caused Mr.Pasene the following injuries and damages, which continue to date and will continue into the future: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of family relationships; severe psychological damage; damage to business and property; legal expenses; loss of income; infliction of physical illness; inadequate medical care; humiliation, indignities and embarrassment; degradation; permanent loss of natural psychological development; and restrictions on all forms of personal freedom including but not limited to diet, sleep, personal contact,educational opportunity, vocational opportunity, athletic opportunity, personal fulfillment, sexual activity, family relations, reading, television, movies, travel, enjoyment, and expression, for which he is entitled monetary relief.

43. Mr.Pasene suffered a number of injuries while wrongfully incarcerated which he still experiences anxiety.

44. As a result of his wrongful incarceration, Mr.Pasene missed the opportunity to parent his one and only child, his daughter Sky Gene Pasene. As Mr.Pasene's daughter was only five months when he was arrested, she had no memory of Mr. Pasene when he was released from custody. Mr. Pasene was a stranger to his child and continues to struggle to develop a relationship with his daughter as a result.

6

45. These injuries and damages to Mr.Pasene were foreseeable to Defendants at the time of their acts and omissions.

46. All of the acts and omissions committed by Defendants were done intentionally, maliciously, wantonly, recklessness, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages.

## COUNT 1

*42 U.S.C. section 1983 claim for deprivation of liberty without due process of law and violation of right to a fair trial, under the Fourteenth Amendment.*

47. Plaintiff hereby incorporates each of the allegations of this complaint as if fully set forth herein, and further alleges as follows:

48. Defendants fabricated false evidence of Mr.Pasene's guilt and suppressed exculpatory and material evidence of Mr.Pasene innocence, thereby violating Mr.Pasene right to a fair trial and causing him to be deprived of his liberty without due process of law.

49. Defendants fabricated evidence prior to trial, including Richard Tagataese and Gabriel Sakaria identifications, and they did so knowingly or in reckless disregard for the truth. Both identifications were used to prosecute Mr.Pasene. This evidence was actually false; Mr.Pasene did not kill Mr.Peneueta. Mr.Tagataese and Mr.Sakaria's statements were used at trial and, as the only evidence linking Mr.Pasene to the crime, most likely would have created a different result at trial.

50. Defendants, individually and in concert, deliberately misrepresented witnesses statements. In particular, Defendants misrepresented the strength and circumstances of Richard Tagataese and Gabriel Sakaria's identification of Mr.Pasene.

51. Defendants, individually and in concert, used identification procedures that were so suggestive that they knew or should have known that those techniques would have yielded false information. For example, Defendant pressured Mr.Tagataese and Mr.Sakaria to id Mr.Pasene. Defendants also pressured Cedro Muna to identify Mr.Pasene, and did so instead of charging him for possession of a firearm and terroristic threatening, and sentencing him to prison time for absconding  while pending a promotion of a dangerous drug in the second degree charge.

52. In addition to fabricating evidence, Defendants, individually and in concert, in an effort to secure Mr.Pasene' conviction without regard to his actual innocence,

suppressed material, exculpatory information from Mr.Pasene, Mr.Pasene' defense counsel, and the prosecution in violation of the constitution and Brady v. Maryland.

53. Defendants, individually and in concert, failed to memorialize, intentionally suppressed, and/or recklessly failed to disclose Cedro Muna promise/deal to testify and blame Mr.Pasene as the shooter.

54. Defendants individually and in concert, failed to memorialize, intentionally suppressed, and/or recklessly failed to disclose bailbond agent Linda DelRio statement that Cedro Muna confessed to her that he shot someone, the day the murder took place.

55. Defendants, individually and in concert, failed to memorialize, intentionally suppressed, and/or recklessly failed to disclose the 26 chinatown substation camera video footage with Cedro Muna on it leaving the scene at the time the 911 calls started coming in to the police station about a shooting on Pauahi street.

56.  Defendants, individually and in concert, failed to memorialize, intentionally suppressed, and/or recklessly failed to disclose the identification of the 911 caller that called in the day of the murder on 03/28/09 at 10:58:25 and said they know the identity of the chinatown shooting suspects.

57. Evidence of Defendants misconduct could have been used to undermine key evidence relied on by Defendants in this investigation. Had it been disclosed, it could have been used at trial to impeach Defendants as well as the quality of the entire investigation.

58. Defendants' action, individually and cumulatively, played a direct and decisive role in the jury's guilty verdict and were highly prejudicial to Mr. Pasene's defense. Had defendants misconduct been disclosed, the evidence would have tended to prove Mr.Pasene' innocence, cast doubt on the entire police investigation and prosecution, and most likely would have created a different result at trial.

59. The foregoing acts and omissions were deliberate, reckless, wanton, cruel, motivated by evil motive or intent, done in bad faith, and or involved callous indifference to Mr.Pasene' federally protected rights. These acts were perpetrated while Defendants were acting in their capacities as employees or agents of the city and county of Honolulu and under color of state law.

60. As a direct and proximate result of Defendants' actions, Mr.Pasene was wrongly arrested, detained, charged with murder, prosecuted, convicted, sentenced to 25

years to life in prison, incarcerated for over ten and a half years and suffered the
other grievous injuries and damages set forth above.

## COUNT 2

### 42 U.S.C. section 1983 claim for malicious prosecution and
### violation of the Fourth and Fourteenth Amendments

61. The criminal proceedings initiated against Mr.pasene on March 30 2009 have
been pursued to a legal termination favorable to Mr.Pasene. In particular, on April
22 2019, the Hawaii Supreme Court filed its opinion reversing Iosefa Pasene's
conviction and sentence. And on November 5 2019 the First Circuit Court of the
state of Hawaii dismissed the case with prejudice. Mr.Pasene was released from
custody on November 6 2019.

62.  The criminal proceedings initiated against Mr.Pasene in March of 2009 were
brought without probable cause and without any reasonable belief in guilt.

63. The false and tainted witness identifications failed to provide probable cause to
arrest Mr.Pasene. Defendants were aware of this fact but nonetheless caused
the arrest of Mr.Pasene, and subsequently, Defendants intentionally continued
the prosecution against Mr.Pasene on the basis of fabricated inculpatory
evidence and suppressed material exculpatory evidence, thereby effecting a
continuing seizure of Mr.Pasene in violation of his Fourth and Fourteenth
Amendment rights.

64. The criminal proceedings against Mr.Pasene were initiated on the basis of
Defendants intentional and knowingly false accusations, fabrication of evidence,
suppression of exculpatory evidence, and other malicious conduct.

65.  In falsely arresting Mr.Pasene despite the absence of probable cause to believe
he had committed a crime, Defendants deprived Mr.Pasene of his liberty prior to
the preliminary hearing, and in maliciously prosecuting him despite the absence
of probable cause or existence of other evidence linking Mr.Pasene to the crime.
Defendants caused Mr.Pasene to suffer the indignity of a public trial three times,
the most severe continuing deprivation of liberty, ten and a half years of
emotional distress while serving prison time for a crime he did not commit, and
the other injuries and damages set forth above.

66. The criminal proceedings against Mr.Pasene were initiated with malice in that
Defendants caused the charges against Mr.Pasene to be filed by knowingly
providing the prosecution misinformation, concealing exculpatory evidence, and
otherwise engaging in wrongful and bad faith conduct that was actively
instrumental in causing the initiation of the legal proceedings against Mr.Pasene.

9

67. Defendants' wrongful prosecution of Mr.Pasene, which was initiated with malice and without probable cause, and was brought for the purpose of denying Mr.Pasene' constitutional rights, including his right to be free from unreasonable searches and seizures, and his right to not be deprived of liberty without due process of law.

68. As a direct and proximate result of Defendants' actions, Mr.Pasene was wrongly prosecuted, detained, and incarcerated for over ten and a half years and suffered the other grievous injuries and damages set forth above.

### COUNT 3

### 42 U.S.C. section 1983 Civil Rights Conspiracy Claim

69.  Plaintiff hereby incorporates each of the allegations of this complaint as if set forth herein, and further alleges as follows:

70. Defendants and others yet unknown agreed among themselves and others to act in concert to deprive Mr.Pasene of his clearly established constitutional rights as protected by the Fourth, Fifth, and Fourteenth Amendments including his right not to be deprived of liberty without due process of law and be free from illegal seizure.

71. As described in detail above , in furtherance of the conspiracy, Defendants engaged in and facilitated numerous overt acts in furtherance of the conspiracy, including but not limited to the follow:

72. Acting in concert to suggest, coerce, and/or fabricate Richard Tagataese, Gabriel Sakaria, and Cedro Muna's identification of Mr.Pasene as the murder suspect;

73. Acting in concert to conceal that Cedro Muna's identification had been tainted, and had been exchanged for the promise of no charges filed on a possession of a firearm and terroristic threatening case, obsondinding charge, and to get probation on a promotion of a dangerous drug in the second degree charge instead of receiving a prison sentence.

74. Acting in concert to fail to document witness Linda DelRio statement that Cedro Muna confessed to her that he shot someone the day of the murder.

75. Acting in concert to fail to document the 911 caller identity that called in the day of the murder, 03/28/09@10:58:25, that reported they knew the shooting suspects identity.

76. Acting in concert to fail to recover the chinatown substation 26 video camera footages for use at trial.

77. Acting in concert to fail to properly get a written or recorded statement from the unknown witness at Queen's Medical Center after the shooting who was asked by officer Albert Le if the shooting suspect was Cedro, and who the witness responded,Yes.

78. As a direct and proximate result of Defendants' overt acts, Mr.Pasene was deprived of his constitutional rights; wrongly prosecuted, detained, and incarcerated for over ten and half years; and subjected to other grievous injuries and damages as set forth above.

## COUNT 4

### 42 U.S.C. section 1983 claim pursuant to Tatum v. Moody for Failure to Disclose Highly Significant Exculpatory Information Leading to Plaintiff's continued Detention.

79. Plaintiff hereby incorporates each of the allegations of this complaint as if fully set forth herein and further allege as follows:

80. Pursuant to Tatum v Moody, 768 f.3d 806(9th cir.2014) cert. denied, 135 s.ct. 2312, 191 L.Ed 978 (2015), Defendants failed to disclose exculpatory evidence to prosecutors leading to Mr. Pasene's lengthy detention, and in violation of Mr.Pasene right to due process.

81. As mentioned above, Defendants failed to disclose the Chinatown substation cameras. Chinatown at the time had 26 cameras.The murder took place in the intersection of River and pauahi Street where there was a camera on a light pole, camera number 11. These cameras belonged to the Honolulu police department and were used to prevent and solve crime. These cameras give  live feed back to the Chinatown substation and re-recorded over themselves after a day and 18 hours. Above defendants waited two days to attempt to recover the video footage and at that time it was too late, the cameras re-recorded over themselves.

82. Had Defendants disclosed these cameras, this evidence would have tended to prove Mr.Pasene's innocence, cast doubt on the entire police investigation and prosecution, and led to the end of Mr.Pasene' pretrial detention.

83. Defendants performed the above-described acts under color of law, deliberately, intentionally, with malice, or reckless disregard for the truth and established constitutional rights. No reasonable officer in 2009 would have believed this conduct was lawful.

11

84. As a direct and proximate result of Defendant's conduct, Mr.Pasene was wrongly and maliciously prosecuted, denied bail and suffered a prolonged pretrial detention during more than five years that he was jailed, from March 30th 2009 until March 12th 2014 as well as the other grievous and continuing damages and injuries set forth above.

## COUNT 5

**42 U.S.C. section 1983 Supervisory Liability Claim Against Defendants Honolulu Police Chief Boisse Correa, Detective Gregory Mcormick, Detective Theodore Coons, Officer Daniel Sellers, Officer Albert Le, and Officer John Doe**

85. Plaintiff hereby incorporates each of the allegations of this complaint as if fully set forth herein and further allege as follows:

86. Mr.Pasene' Wrongful arrest, confinement, prosecution, trial, conviction and incarceration was caused by the unconstitutional action and inaction of the Honolulu police Chief Boisse Correa, Detective Gregory McCormick,Detective Theodore Coons, Officer Daniel sellers,Officer Albert Le and Officer John Doe, acting in their individual capacities and under color of law.

87. Upon information and belief Honolulu Police Chief Boisse Correa, Detective Gregory McCormick, Detective Theodore Coons,Officer Daniel sellers, Officer Albert Lee and Officer John Doe's directly participated in the misconduct that resulted in Mr.Pasene' wrongful conviction, including but not limited to coercing, fabricating or suggesting false identifications and suppressing exculpatory evidence.

88. Honolulu Police Chief Boisse Correa, Detective Gregory McCormick, Detective Theodore Coons, Officer Daniel sellers, Officer Albert Le, and Officer John Doe knowingly refused to terminate the wrongful prosecution of Mr.Pasene which, upon information and belief, they knew or should have known had been initiated based on the coerced, fabricated, or suggested identifications and inspite of suppressed exculpatory information. As a result Correa,  McCormick, Coons, Sellers, Le and John Doe knew or reasonably should have known that Mr.Pasene' constitutional right to be free from unreasonable seizure and not to be deprived of Liberty without due process of law would be violated.

89. Honolulu Police Chief Boisse Correa, Detective Gregory McCormick, Detective Theodore Coons,Officer Daniel sellers, Officer Albert Le and Officer John Doe failed to adequately train, supervise, and/or control their subordinates who

obtained coerced, fabricated, or suggested identifications, and suppressed exculpatory information.

90. Honolulu Police Chief Boisse Correa, Detective Gregory McCormick, Detective Theodore Coons, Officer Daniel Sellers, Officer Albert Le and Officer John Doe violated Mr.Pasene' constitutional right by their subordinates and by generally showing a reckless or callous indifference to Mr. Pasene's rights.

91. Honolulu Police Chief Boisse Correa,Detective Gregory McCormick,Detective Theodore Coons, Officer Daniel sellers, Officer Albert Le and Officer John Does failure to train, supervise and/or control their subordinates, their indifference to the actions of their subordinates, and their indifference to Mr.Pasene's rights encouraged and permitted their subordinates to fabricate evidence and to fail to document and to disclose exculpatory evidence.

92. The actions and omissions of Defendants Detective Gregory McCormick, Detective Theodore Coons, Officer Daniel Sellers,Officer Albert Le, And Officer John Doe, in their individual capacities, caused Mr.Pasene to suffer the constitutional deprivations and grievous personal injuries and damages described above.

## COUNT 6

**42 U.S.C. section 1983 Monell Claim Against the city and county of Honolulu, for Failure to Train, Supervise, and/or Discipline in constitutionally Adequate Investigation Techniques, Identification procedures, and/or Brady duties.**

93. Plaintiff hereby incorporate each of the allegations of this complaint as if fully set forth herein, and further allege as follows:

94. The City and County of Honolulu, by and through its policy makers, created and maintained a custom, policy and/or practice of failing to train, supervise and/or discipline their employees and agents, including Defendants, regarding constitutionally adequate investigation techniques.

95. The City and County of Honolulu, by and through its policymakers,created and maintained a custom, policy and/or discipline of their employees and agents including defendants,regarding  constitutionally proper identification procedures to ensure that unreliable, discredited, and improper identifications techniques were not utilized.

96. The city and County of Honolulu, by and through its policymakers, created and maintained a custom, policy,and/or practice of failing to train, supervisor and/or

discipline their employees and agents including Defendants regarding their obligations to document and disclose exculpatory evidence pursuant to their Brady obligations.

97. The unconstitutional Customs,policies, patterns, and practices of the city and County of Honolulu have caused numerous individuals to be wrongfully convicted in addition to Mr.Pasene, individuals wrongfully convicted include:

   a.  Joshua Spriesterbach
   b.  Alvin Jardine

92. These unconstitutional Customs, policies, and practices of the city and county of Honolulu proximately and directly caused Mr.Pasene's physical and constitutional injuries including his false arrest, illegal confinement, unfair trial,wrongful conviction,and other damages described above.

### Jury Demand

93. Pursuant to the Seventh Amendment of the United States Constitution Mr.Pasene requests a jury trial on all issues and claims set forth in this complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Iosefa Pasene respectfully requests:

1. A trial by jury on each of the plaintiffs claim;
2. That the court award compensatory damages to Plaintiff and against officer Defendants, jointly and severally in an amount to be determined at trial;
3. That the court award punitive damages to Plaintiff, and against Defendants in an amount to be determined at trial, in order to deter such conduct by officer Defendants in the future;
4. For any and all other relief to which he may be entitled.

DATED: October 25 2021

BY:Iosefa Pasene
Pro-se