IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IOSEFA PASENE,<br><br>      Plaintiff,<br><br>vs.<br><br>HONOLULU POLICE CHIEF BOISSE CORREA, *et al.*,<br><br>      Defendants. | Case No. 21-cv-427-DKW-KJM<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DIRECTING SERVICE OF THE COMPLAINT[1]** |

On October 29, 2021, Plaintiff Iosefa Pasene, proceeding *pro se*, filed a Complaint against six current and/or former members of the Honolulu Police Department and the City and County of Honolulu[2] (collectively, "Defendants"), alleging myriad civil rights violations. Dkt. No. 1. Pasene's claims arise from Defendants' actions between 2009 and 2019 that led to his incarceration for over ten years without a criminal conviction. *Id.* Pasene also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 4.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] Five of the HPD defendants are named (former Chief Boisse Correa, Detectives Gregory McCormick and Theodore Coons, and Officers Daniel Sellers and Albert Lee), while one is identified only as John Doe. Dkt. No. 1 at 1. The City and County of Honolulu is named in Count 6, but not on the cover page of the Complaint. *Id.* at 13.

1

## **DISCUSSION**

**I.     IFP Application**

Federal courts may authorize the commencement of any civil suit without prepayment of fees or security by a person who submits an affidavit that demonstrates his inability to pay. *See* 28 U.S.C. § 1915(a)(1). The litigant must "allege poverty with some particularity, definiteness, and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted), but he is not required to demonstrate absolute destitution. *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "[W]here the affidavit[ is] written in the language of the statute, . . . [it] should ordinarily be accepted." *Id.*

Here, Pasene has made the required showing under Section 1915(a). In his IFP Application, Pasene alleges he receives $626 in take-home pay per week—$2,712.67 per month—from his employment at Spectra 360 in Burlingame, California. *See* Dkt. No. 4. He has $0 in checking and savings, owns no assets of value, and owes $18,000 for his furniture and car. *Id.* His rent, furniture and car loans, insurance, and utilities total $1,964 per month. *Id.* That leaves $748.67 for monthly living expenses for himself and his minor daughter, whom he supports. *See id.*

The Court finds that these financial circumstances sufficiently demonstrate Pasene's inability to pay the costs and fees associated with litigation in federal

court. Although Pasene's income does not put him under the poverty guideline for a two-person household in California,[3] he has alleged under penalty of perjury and with particularity that he is "unable to pay the costs of these proceedings." *See Adkins*, 335 U.S. at 339. Thus, the Court GRANTS the IFP Application, Dkt. No. 4.

## II. Service

Because Pasene has been granted leave to proceed *in forma pauperis*, and because his claims have not been dismissed,[4] the Court finds that service of summons and the Complaint is appropriate. To facilitate service, the Court ORDERS as follows:

1. For each of the six (6) named Defendants (five individual defendants, plus the City and County), the Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two Waiver of Service of Summons

---

[3]*See* HHS Poverty Guidelines (updated Jan. 13, 2021), https://aspe.hhs.gov/poverty-guidelines (last visited Nov. 30, 2021) (stating that the poverty guideline for a two-person household in the 48 contiguous states and the District of Columbia is $17,420, or $1,452 per month).

[4]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In conducting this screen, the Court liberally construes a *pro se* litigant's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). At this initial stage of proceedings, and without any responsive pleading from Defendants, the Court has screened the Complaint and finds service of the same to be appropriate.

forms (AO 399); an instruction sheet; and a copy of this Order. The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. For each of these named Defendants, Plaintiff shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawai'i: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshall shall mail to each Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed. R. Civ. P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint. For each Defendant, the U.S. Marshal shall file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

    a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

    b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Pasene does not wish to use the U.S. Marshal for service, as outlined above, he may serve the Defendants on his own, in compliance with Federal Rule of Civil Procedure 4.

7. Pasene is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and the Complaint, whether accomplished on his own or with the service of the U.S. Marshal, Pasene must serve on Defendants or their attorneys a copy of all further documents he submits to the Court.  The U.S. Marshal is *not* responsible for serving such further documents on Plaintiff's behalf.  Pasene shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendants or their counsel, and the manner in which service was accomplished.  Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Pasene is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawai'i.

IT IS SO ORDERED.

DATED: November 30, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---
*Iosefa Pasene v. Honolulu Police Chief Boisse Correa, et al;* Civil No. 21-00427 DKW-KJM; **ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DIRECTING SERVICE OF THE COMPLAINT**