IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IOSEFA PASENE,<br><br>            Plaintiff,<br><br>    vs.<br><br>BOISSE CORREA, Honolulu Police Chief, other, BOSSIE CORREA; GREGORY MCCORMICK, Honolulu Police Detective; THEODORE COONS, Honolulu Police Detective; ALBERT LE, Honolulu Police Officer; DANIEL SELLERS, Honolulu Police Officer; OFFICER JOHN DOE, Honolulu Police Officer/Dispatcher; and CITY AND COUNTY OF HONOLULU,<br><br>            Defendants. | Case No. 21-cv-427-DKW-KJM<br><br>**ORDER DIRECTING SERVICE OF THE FIRST AMENDED COMPLAINT** |

On October 29, 2021, Plaintiff Iosefa Pasene, proceeding *pro se*, filed a Complaint against six current and/or former members of the Honolulu Police Department—Boisse Correa, Gregory McCormick, Theodore Coons, Daniel Sellers, Albert Le, and John Doe—and the City and County of Honolulu (the "City") (collectively, "Defendants"), alleging several civil rights violations.  Dkt. No. 1.  Pasene also filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 4.  On November 30, 2021, the Court granted Pasene's

1

IFP Application and directed the U.S. Marshal to assist with service of Pasene's Complaint.  Dkt. No. 9.

Of the six identified Defendants, four—the City, Correa, Coons, and Sellers—were successfully served with process, while two—McCormick and Le—were not.[1]  See Dkt. Nos. 26, 28.  According to the U.S. Marshals Service, "Gregory McCormick [and Albert Le are] no longer employed by HPD.  No forwarding address provided by HPD or Corporation Counsel."  Dkt. Nos. 25, 27.

On April 11, 2022, the City, Correa, and Coons filed Motions to Dismiss.  Dkt. Nos. 40, 46.  On September 2, 2022, the Court dismissed some of Pasene's claims with prejudice and others without prejudice.  Dkt. No. 64.  Pasene was granted until October 14, 2022 to amend his Complaint.  See Dkt. No. 67.

On October 12, 2022, Pasene filed his First Amended Complaint ("FAC").  Dkt. No. 70.  Because Pasene retains his IFP status and the claims in his FAC have not been dismissed, the Court finds that service of the Summons and the FAC is appropriate as to the two Defendants who have not yet been served, McCormick and Le.  As to the other four Defendants who have already been served, the Court reminds Pasene that it is his obligation to serve any filings and documents on those four Defendants or their counsel from this point forward, including the FAC.  See

---

[1] The "John Doe" Defendant will be addressed in a subsequent order, assuming Pasene successfully identifies the individual.

Dkt. No. 9 (Court's prior order directing, "After service of the summons and the Complaint, whether accomplished on his own or with the service of the U.S. Marshal, Pasene must serve on Defendants or their attorneys a copy of all further documents he submits to the Court.  The U.S. Marshal is *not* responsible for serving such further documents on Plaintiff's behalf.").

To facilitate service of the Summons and FAC as to McCormick and Le, the Court ORDERS as follows:

1. For each of the two (2) Defendants who have not yet been successfully served with process—McCormick and Le—the Clerk's Office is directed to send to Plaintiff: one copy of the FAC; one copy of the original Complaint; one USM-285 form; one summons; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order.

2. For each of those two Defendants, Plaintiff shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaiʻi: a completed USM-285 form; a copy of the FAC; a copy of the original Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to each of the two Defendants: a copy of the FAC; a copy of the original Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs.  *See* Fed. R. Civ. P. 4(c)(3).  Given that the whereabouts of these two Defendants may be unknown, Pasene is reminded that it is his obligation to provide valid addresses for the U.S. Marshal to use for service; it is not the U.S. Marshal's obligation to locate the two Defendants.

4. For each of the two Defendants, the U.S. Marshal shall retain a copy of the FAC and the Summons. For each of the two Defendants, the U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If either Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such form is mailed, the U.S. Marshal shall:

    a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

    b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Plaintiff does not wish to use the U.S. Marshal for service, as outlined above, he may serve the remaining two unserved Defendants on his own, in compliance with Federal Rule of Civil Procedure 4.

7. Plaintiff is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action, in whole or in part, is subject to dismissal for failure to serve.

8. After service of the FAC and Summons, as applicable, whether accomplished on his own or with the service of the U.S. Marshal, Plaintiff must serve on Defendants or their attorneys a copy of all further documents he submits to the Court. The U.S. Marshal is not responsible for serving such further documents on Plaintiff's behalf. Plaintiff shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on

Defendants or their counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Plaintiff is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawai'i.

IT IS SO ORDERED.

DATED: October 19, 2022 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Iosefa Pasene v. Boisse Correa, et al*; Civil No. 21-00427 DKW-KJM; **ORDER DIRECTING SERVICE OF THE FIRST AMENDED COMPLAINT**