IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IOSEFA PASENE,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BOISSE CORREA, ET AL.,<br><br>        Defendants. | CIV. NO. 21-00427 DKW-WRP<br><br>FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANTS GREGORY MCCORMICK, ALBERT LE, AND JOHN DOE WITHOUT PREJUDICE |

FINDINGS AND RECOMMENDATION TO DISMISS
DEFENDANTS GREGORY MCCORMICK, ALBERT LE,
AND JOHN DOE WITHOUT PREJUDICE

Plaintiff Iosefa Pasene, proceeding pro se, filed his Complaint against various Defendants, including Defendants Gregory McCormick, Albert Le, and John Doe, on October 29, 2021.  See Complaint, ECF No. 1.  The deadline to serve these Defendants pursuant to Federal Rules of Civil Procedure Rule 4(m) has long expired, even with the assistance of the United States Marshals Service and after numerous extensions to the service deadline.  See Minute Orders, ECF Nos. 91, 115, 120, 122, 156, 172, 206, and 238.  Judgment has been entered in favor of the remaining Defendants City and County of Honolulu, Honolulu Chief of Police, Theodore Coons, Daniel Sellers, Boisse Correa.  See Clerk's Judgments, ECF Nos. 456 and 464.

To date, Plaintiff has not filed any proof of service, waiver of service, or provided any explanation as to his failure to serve Defendants Gregory McCormick, Albert Le, or John Doe.

Under Rule 4(m), a plaintiff must serve each defendant within 90 days after a complaint is filed.  See Fed. R. Civ. P. 4(m).  If a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  See id.  Where a plaintiff does not show good cause for failing to timely serve a defendant, the district court has discretion under Rule 4(m) to dismiss without prejudice the claims against that defendant.  See In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).

To determine whether to dismiss a case for lack of prosecution or failure to comply with a court order, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The Court finds these factors weigh in favor of dismissal of Defendants Gregory McCormick, Albert Le, and John Doe without prejudice, particularly because this case has been pending for more than three years and judgment has been entered as to the remaining parties in this case. Therefore, notwithstanding the public policy favoring the disposition of cases on their merits, the Court FINDS AND RECOMMENDS that the claims against Defendants Gregory McCormick, Albert Le, and John Doe be dismissed without prejudice for Plaintiff's failure to serve them.[1]

## CONCLUSION

For the reasons stated herein, the Court FINDS AND RECOMMENDS that the claims against Defendants Gregory McCormick, Albert Le, and John Doe be DISMISSED without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 12, 2025.



Wes Reber Porter
United States Magistrate Judge

Pasene v. Correa, et al.; Civ. No. 21-00427 DKW-WRP; FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANTS GREGORY MCCORMICK, ALBERT LE, AND JOHN DOE WITHOUT PREJUDICE.

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.